NOT FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CASE NO. 06-CV-273-KSF

BRUCE ALAN TROXEL     PETITIONER

VS:     **MEMORANDUM OPINION AND ORDER**

STEPHEN M. DEWALT     RESPONDENT

\*\*\*   \*\*\*   \*\*\*   \*\*\*   \*\*\*

Bruce Alan Troxel ("Troxel") is a prisoner incarcerated at the Federal Medical Center in Lexington, Kentucky ("F.M.C.-Lexington"), who has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. §2241 [Record No. 1]. This matter is before the Court for screening. 28 U.S.C. §2243; *Harper v. Thoms*, 2002 WL 31388736, \*1 (6th Cir. 2002).

As Troxel is appearing *pro se*, his petition is held to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). During screening, the allegations in his petition are taken as true and liberally construed in his favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). But the Court may dismiss the petition at any time, or make any such disposition as law and justice require, if it determines that the petition fails to establish adequate grounds for relief. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987).

I. **Background**

On March 21, 2000, following a 5-day jury trial, Troxel, then a police officer in Gary, Indiana, was convicted of aiding and abetting the deprivation of civil rights in violation of 18

U.S.C. §§2, 242 and using or carrying a firearm during the commission of a crime of violence in violation of 18 U.S.C. §924(c).  On July 27, 2000, Troxel was sentenced to a 123-month term of incarceration to be followed by a 3-year term of supervised release.  On June 11, 2001, the Seventh Circuit affirmed Troxel's conviction.  *United States v. Troxel*, 99-CR-61, Northern District of Indiana [Record Nos. 1, 6, 74, 82, 104, 107, 115 therein].

On December 27, 2005, Troxel was informed that the prison commissary where he had been working for four years had implemented a new policy which prevented a given prisoner from working in the commissary for more than one year.  Existing commissary workers would be re-assigned to new positions based on seniority.  Accordingly, Troxel was assigned a new position on January 17, 2006.

On January 24, 2006, Troxel initiated the prison grievance process by filing a Form BP-229, which was concluded upon the Central Office's denial of his appeal on May 18, 2006.  In his grievance forms, Troxel asserted that the new policy impermissibly revised the terms of his employment under the commissary's own work rules and prison regulations.  He also alleged that the creation of the new policy did not comply with Program Statement 5251.05, which required that such a change receive prior approval from the BOP's regional administrator. Troxel also asserted that due process required that he be given advance notice and a hearing before his position at the commissary was terminated.

In his current petition, Troxel asserts that the respondent violated his right to due process under the law under the Fifth and Fourteenth Amendments by removing him from his prison job without prior notice and a hearing.  Troxel further asserts that the respondent violated his right to equal protection under the law under the Fifth and Fourteenth Amendments by not rotating

other inmates from their prison jobs in the same manner as was done to him.

## II.   Discussion

Troxel's procedural due process and equal protection claims fail as a matter of law.

In *Wolff v. McDonnell*, 418 U.S. 539 (1974), the Supreme Court held that before a prisoner forfeits his good time credits for violation of prison rules, procedural due process required that the prisoner receive advance written notice of the claimed violation, should generally be allowed to call witnesses and present evidence in his defense, and must be given a written statement as to the evidence relied upon and the reasons for the disciplinary action taken. *Id.* at 561.

However, the procedural due process rights described in *Wolff* are only required where the prisoner is being deprived of a thing in which he holds a legally-protected property or liberty interest. *Mitchell v. Horn*, 318 F.3d 523, 531 (3rd Cir. 2003). A prisoner must therefore possess a legally-protected interest in the subject matter at issue before he is entitled to the protections of due process. For a prisoner, a deprivation of a legally cognizable liberty interest occurs when the prison "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995).

Because prison officials have broad discretion to determine how to best manage the internal workings of prisons, *Hewitt v. Helms*, 459 U.S. 460, 465-66 (1983), a prisoner generally has no constitutional entitlement to participate in a particular rehabilitative program. *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976). It has accordingly been held that a prisoner has no legally-protected property or liberty interest in a prison job. *Newsom v. Norris*, 888 F.2d 371, 374 (6th Cir. 1989); *McKinley v. Bowlen*, 2001 WL 493394, *2 (6th Cir. 2001) (unpublished disposition).

Nothing in the BOP's work regulations gives rise to any protectible property or liberty interest in a particular job. *Bulger v. United States Bureau of Prisons*, 65 F.3d 48, 50 (5th Cir. 1995). Because Troxel lacks a protectible due process interest in his commissary job, he was not entitled to notice and a hearing before he was re-assigned, and his due process claim fails as a matter of law.

While Troxel alleges that he was treated differently from other inmates working at the commissary, his equal protection claim fails as a matter of law because nothing in his petition would support the conclusion that Troxel is a member of a protected class. *Henry v. Metropolitan Sewer Dist.*, 922 F.2d 332, 341 (6th Cir. 1990). While a claimant can also assert an equal protection claim if he can demonstrate that he was treated differently from others and that such different treatment was not rationally related to a legitimate government interest, *City of New Orleans v. Dukes*, 427 U.S. 297, 303 (1976), Troxel has neither made such a claim nor would the facts support one. In their responses to Troxel's grievances, prison officials explained that because jobs in the commissary are safe, highly compensated, and highly sought after, the policy was designed to cycle prisoners through the position to ensure the integrity and financial solvency of the commissary program. Troxel, as one with four years' seniority in the commissary, was cycled out first to promote the goals underlying the policy. This treatment plainly bears a rational relationship to the BOP's goals in implementing the policy. *Shehee v. Lutrell*, 199 F.3d 295, 301 (6th Cir. 1999). Troxel's equal protection claim fails as a matter of law.

### III.  CONCLUSION

Accordingly, it is **ORDERED** as follows:

(1) Petitioner Troxel's petition for a writ of habeas corpus is **DENIED**.

(2) The Court certifies that any appeal would not be taken in good faith. 28 U.S.C. §915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997); *Kincade v. Sparkman*, 117 F.3d 949 (6th Cir. 1997).

(3) Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the respondent.

This January 23, 2007.

Signed By:

*Karl S. Forester* KSF

United States Senior Judge